DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, in which the trial court denied a motion to reinstate a prior judgment entry filed by appellant, Sandra A. Strain, in a domestic relations case. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal appellant sets forth the following as her sole assignment of error:
 {¶ 3} "The trial court was without jurisdiction in issuing the judgment entry of April 29, 1998."
 {¶ 4} Sandra and Patrick Strain were married on November 12, 1983. On September 9, 1992, the trial court granted the parties a divorce. On December 23, 1992, the trial court filed an amended judgment entry of divorce, in which it divided the parties' marital property. As part of that order, the trial court awarded the marital home to Patrick, and ordered him to have the home appraised, and apply for financing, after which he was to pay Sandra one-half of the home's equity.
 {¶ 5} On April 9, 1993, Sandra filed a motion to show cause as to whether Patrick should be held in contempt. Sandra asserted in her motion that Patrick had not yet complied with the court's order to refinance the marital home and pay her one-half of the equity. After the parties failed on several occasions to settle their dispute, the trial court, on its own motion, set the matter for a hearing, to take place on February 23, 1995.
 {¶ 6} On December 9, 1996, the trial court filed a judgment entry in which it found that Sandra's share of the equity in the marital home was $29,433.61. The trial court further found that Patrick had been able to partially refinance the home, resulting in a net payment to Sandra of $17,841.73. Accordingly, the court granted Sandra a lump sum judgment in the amount of $12,091.88, at 10 percent interest, plus $1,000 as attorney fees. No appeal was taken from that judgment entry.
 {¶ 7} On March 12, 1998, Patrick filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4), in which he asserted the debt to Sandra had been satisfied before the trial court issued its December 9, 1996 judgment entry. Attached to Patrick's motion was a copy of a quit-claim deed executed by Sandra on January 9, 1995, and recorded on January 11, 1995, which stated, in relevant part, that:
 {¶ 8} "This instrument is given pursuant to a Judgment Entry of Divorce entered in Lucas County Court of Common pleas [sic] entitled Sandra J. Strain v. Patrick J. Strain hearing Case NO. DR 91-1797 and further acknowledging that Defendant is in full compliance with the terms and conditions of the property settlement therein and that it has been paid and satisfied."
 {¶ 9} Sandra did not oppose Patrick's Civ.R. 60(B)(4) motion, or present any evidence to contradict Patrick's claim that the debt had been satisfied. On April 29, 1998, the trial court filed a judgment entry in which it set the matter for a hearing. On July 15, 1998, the trial court filed a judgment entry in which it found that the quit-claim deed was executed before Sandra was granted the $13,091.88 lump sum judgment. Accordingly, the trial court vacated the December 9, 1996 judgment entry. No appeal was filed.
 {¶ 10} On November 12, 1998, Sandra filed a motion in the trial court for relief from judgment pursuant to Civ.R. 60(B)(3) (5). Sandra asserted in her motion that Patrick had misled the court into believing that his debt was satisfied when, in fact, it was "clearly understood by all parties that the January 9, 1995, closing and partial payment, which resulted to the quit-claim deed recorded on January 11, 1995, was not full satisfaction of the amount owed [Sandra]." On November 17, 1999, the trial court denied Sandra's Civ.R. 60(B) motion. A timely appeal was filed in this court and, on February 9, 2001, we affirmed the judgment of the trial court. See Strain v. Strain,
(Feb. 9, 2001), 6th Dist. App. No. L-99-1417 ("Strain I.").
 {¶ 11} On September 3, 2001, Sandra filed a "Motion to Reinstate Judgment" in the trial court, in which she asserted that the trial court lacked jurisdiction to consider Patrick's Civ.R. 60(B) motion. Accordingly, Sandra asked the court to "vacate the Judgment Entry of April 29, 1998[1] and reinstate the Judgment Entry of December 12, 1996 [sic]." On October 29, 2003, the trial court denied Sandra's motion and, on December 1, 2003, a notice of appeal was filed in this court.
 {¶ 12} Sandra asserts on appeal that the trial court's order, in effect, modified the original division of the parties' marital property by finding that Patrick's obligation to Sandra was satisfied when the quit-claim deed was executed and granting Patrick's Civ.R. 60(B) motion on that basis. Sandra argues that, since the trial court did not reserve jurisdiction to modify the division of the parties' marital property after the divorce was final, the judgment granting Patrick relief pursuant to Civ.R. 60(B)(4) was void ab initio.
 {¶ 13} Pursuant to R.C. 3105.171(I), a division of marital property or a distributive award made pursuant to a divorce action is not subject to future modification by the court. Accordingly, a trial court does not have jurisdiction to later modify a marital property division. Gibbs v. Stanley, 2nd
Dist. No. 19841, 2004-Ohio-71, ¶ 17. However, a trial court does have the power to clarify and construe its original property division in order to effectuate its judgment. Gordon v. Gordon
(2001), 144 Ohio App.3d 21, 23, Wolfe v. Wolfe (1976),46 Ohio St.2d 399.
 {¶ 14} It is undisputed that Patrick asked for relief from the trial court's December 9, 1996 judgment pursuant to Civ.R. 60(B)(4), which provides for such relief if "the judgment has been satisfied, released or discharged." Sandra produced no evidence at that time to rebut Patrick's claim. Based on Sandra's acknowledgment as set forth in the quit-claim deed, the trial court found that "[Patrick] is entitled to have the judgment of December 9, 1996 vacated." As set forth above, that decision was eventually upheld by this court. See Strain I, supra. Accordingly, we are prohibited by the doctrine of the law of the case from re-visiting the issue of whether Patrick's obligation to pay Sandra one-half equity in the marital home was satisfied. See Lauber v. Grime, 6th Dist. No. F-01-017,2002 Ohio 2684, citing Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.
 {¶ 15} As to the issue of the trial court's jurisdiction, we find that the trial court's July 15, 1998 judgment entry effectuated, rather that modified, the division of marital property set forth in the original divorce decree, based on the evidence that was presented in conjunction with Patrick's Civ.R. 60(B)(4) motion. Accordingly, the trial court did not err by refusing to grant Sandra's request to reinstate the December 9, 1996 judgment entry. Appellant's assignment of error is not well-taken.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant, Sandra A. Strain.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J. concur.
[1] As set forth above, the trial court's April 29, 1998 order did nothing more than set a hearing on Patrick's 60(B) motion. The trial court actually granted Patrick's 60(B) motion on July 15, 1998, and that judgment was affirmed on appeal in Strain I.
However, for purposes of this opinion, we will address the trial court's April 29, 1998 and July 15, 1998 judgments as if they are one and the same.