**In re ESTATE OF DINSIO.**

[Cite as *In re Estate of Dinsio*, 159 Ohio App.3d 98, 2004-Ohio-6036.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 03–MA–125.

Decided Nov. 9, 2004.

Turner, May & Shepherd and David A. Shepherd, for appellant, Vincent Dinsio Jr.

Harrington, Hoppe & Mitchell and John T. Dellick, for appellee, Patricia Dinsio.

---

GENE DONOFRIO, Judge.

{¶ 1} Appellant, Vincent Dinsio Jr., appeals from a Mahoning County Probate Court judgment finding that appellee, Patricia Dinsio, is the owner of a parcel of property in Canfield, Ohio.

{¶ 2} Vincent Dinsio Sr. ("Dinsio") died intestate on April 7, 1998. Since Dinsio did not leave a will, appellant, his son, was appointed administrator of the estate. In addition to appellant, Dinsio left four other adult children. At the time of Dinsio's death, appellant believed that Dinsio owned two parcels of property in Canfield on State Route 46, one of which, at issue here, is 10810 State Route 46. Dinsio had resided in the house on that property, which sat on 6.67 acres of land. On January 7, 1999, the probate court issued a certificate of transfer conveying both parcels to appellant and his four sisters in equal one-fifth interests.

{¶ 3} Approximately three and a half years after the property transfer, appellee filed a motion to set aside the transfer. Appellee had been married to Dinsio from January 22, 1965, to January 4, 1977. They had one child together,

Rae Arcade. In her motion, she claimed that as part of the divorce decree, she has been granted title to the property. Thus, appellee claimed that Dinsio did not own the property when he died and that she was therefore the rightful owner. Appellee attached a copy of the divorce judgment entry to her motion, which provided:

{¶ 4} "8. That pursuant to the oral agreement into between [sic] the parties in the presence of the Court, * * * the Plaintiff [appellee], by way of property settlement, is hereby awarded the following property:

{¶ 5} "* * *

{¶ 6} "(B) The real estate known for street numbering purposes as 10810 Columbiana–Canfield Road, Canfield, Ohio and more fully described as follows * * *.

{¶ 7} "* * *

{¶ 8} "10. That each party shall execute and deliver any and all deeds or certificates of transfer necessary to effectuate Items 8 and 9 just above within five days from the filing of this order. In the event that either or both parties fail to so execute or deliver within the said five days, then this judgment order shall be received and recorded as an instrument of transfer."

{¶ 9} In her motion, appellee asserted that Dinsio never complied with section 10 of the divorce judgment. She claimed that when she became aware of the transfer of the property through Dinsio's estate, she contacted an attorney. Appellee asserted that she then recorded the divorce judgment on April 3, 2002, as the divorce judgment stated that it could be filed and recorded as an instrument of transfer.

{¶ 10} A hearing before a magistrate was held on January 29, 2003. The magistrate heard testimony from appellant, appellee, and Rae Arcade. The magistrate framed the issue as "What is the legal effect of [appellee's] inaction in failing to cause any document to be filed in the Mahoning County Recorder's Office reflecting her ownership of the real estate that is in question?" The magistrate concluded that appellee became the sole owner of the property at the time of divorce. He stated that the filing of the divorce judgment with the clerk's office gave everyone actual and/or constructive notice of appellee's ownership. He reasoned that the filing of the divorce judgment with the recorder's office was a ministerial task, not a substantive one. Thus, he concluded that it was the judicial award that gave appellee ownership, not the filing of the divorce judgment with the recorder's office. Furthermore, the magistrate found that the defense of laches did not apply. He reasoned that appellee had acted in a timely manner upon learning of the probate action transferring the property.

{¶ 11} Appellant filed objections to the magistrate's decision. The probate court then held a hearing on the objections. It determined that title to the

property passed to appellee upon the issuance of the divorce judgment. Therefore, it overruled the objections and adopted the magistrate's decision. The court also sustained appellee's motion to set aside the certificate of transfer. From this judgment, appellant filed a timely notice of appeal on June 12, 2003.

{¶ 12} Appellant raises four assignments of error, the first of which states:

{¶ 13} "The trial court failed to apply the equitable doctrine of latches [sic] to the movant-appellee's failure to transfer the subject real estate for a period in excess of twenty-five (25) years after the decree of divorce was granted by the domestic relations court."

{¶ 14} Appellant argues that appellee failed to complete the property transfer contemplated by the divorce judgment until April 2002, 25 years after the judgment, when she recorded it with the county recorder. Accordingly, appellant asserts that the defense of laches barred appellee's motion to set aside the transfer of property. Appellant argues that appellee allowed her rights to go dormant based solely upon her own inaction and that she failed to make a timely claim against Dinsio's estate, even though she testified that she had actual notice of Dinsio's death and attended his funeral. Furthermore, appellant alleges that he and the other Dinsio heirs have suffered injury as the result of appellee's actions in this case.

{¶ 15} Laches is primarily a question of fact to be resolved according to the circumstances of each case. *Bank One Trust Co., N.A. v. LaCour* (1999), 131 Ohio App.3d 48, 55, 721 N.E.2d 491. The application of the doctrine of laches is within the sound discretion of the trial court. *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Gardner* (1996), 113 Ohio App.3d 46, 57, 680 N.E.2d 221. Therefore, an appellate court must refrain from reversing a trial court's decision regarding the application of laches absent an abuse of discretion. Id.

{¶ 16} This court has set out the necessary elements of laches as follows:

{¶ 17} "To successfully assert a doctrine-of-laches claim, a party must prove that there has been an unreasonable delay in asserting the claim and that the delay caused the party material prejudice. 'Delay in asserting a right does not of itself constitute laches.' *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus. Rather, the person for whose benefit the doctrine will operate has to demonstrate that he or she has been materially prejudiced by the unreasonable and unexplained delay of the person asserting the claim." (Citations omitted.) *Still v. Hayman*, 153 Ohio App.3d 487, 2003-Ohio-4113, 794 N.E.2d 751, at ¶ 14.

{¶ 18} First, appellant did not prove that there was an unreasonable delay on appellee's part in asserting her claim. Appellee has owned the property

since 1977. The judgment entry of divorce awarded appellee ownership of the property. The domestic relations court that presided over appellee's and Dinsio's divorce had the authority to enter a judgment divesting Dinsio of the title to the property and vesting it in appellee, and that judgment had the effect of a conveyance executed in due form of law. Civ.R. 70. It was not necessary for Dinsio or appellee to record the deed to transfer title to appellee. A deed does not have to be recorded to pass title. *Option One Mtge. Corp. v. Boyd* (June 15, 2001), 2d Dist. No. 18715, 2001 WL 669531, citing *Wayne Bldg. & Loan Co. v. Yarborough* (1967), 11 Ohio St.2d 195, 212–213, 40 O.O.2d 182, 228 N.E.2d 841. And while an unrecorded deed is unenforceable against a subsequent bona fide purchaser for value without actual knowledge, in this case we do not have such a purchaser but instead have heirs who would stand to inherit property through intestate succession. Id., citing *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 69, 19 OBR 63, 482 N.E.2d 946. Appellee did not learn that appellant, or anyone else, claimed an ownership interest in the property until late summer or early fall of 2001, when Arcade, her daughter, brought it to her attention. She then acted in a timely manner in filing her motion to set aside the transfer less than a year later.

{¶ 19} Second, assuming arguendo that appellee's delay was unreasonable, the fact remains that there is evidence on the record that appellant and the rest of the Dinsio heirs were not materially prejudiced by the delay. In his testimony, appellant testified only that because of the cloud on the title, the heirs would be unable to sell or mortgage the property. Nowhere, however, did appellant testify that the heirs had even attempted to sell or mortgage the property. Nor did appellant testify as to any other injury.

{¶ 20} For these reasons, the probate court did not abuse its discretion in holding that laches does not apply here. Accordingly, appellant's first assignment of error is without merit.

{¶ 21} Appellant's second assignment of error states:

{¶ 22} "The trial court erred in failing to deny movant-appellee's motion to set aside the certificate of transfer as an attempt to avoid the effect of the movant's claim against the estate as being stale."

{¶ 23} Appellant argues that appellee's motion to set aside a certificate of transfer was an attempt to circumvent the limitations of R.C. 2117.06, which provided:[1]

---

1. R.C. 2117.06(B) and (C) were amended on April 8, 2004, to change the time limit for presenting a claim from one year to six months, among other changes. 2003 Am.Sub.H.B. No. 51.

{¶ 24} "(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, * * * shall present their claims in one of the following manners:

{¶ 25} "(1) To the executor or administrator in a writing;

{¶ 26} "(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;

{¶ 27} "(3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. * * *

{¶ 28} "(B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within one year after the death of the decedent * * *.

{¶ 29} "(C) Except as provided in section 2117.061 of the Revised Code, a claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims."

{¶ 30} Appellant argues that since appellee had a claim against the estate on a judgment, she was required to assert it within one year of Dinsio's death. Since it is undisputed that appellee failed to act within the one-year period, appellant argues that R.C. 2117.06 bars any right she may have had.

{¶ 31} Appellate courts review the application of a statute de novo. *Akron v. Frazier* (2001), 142 Ohio App.3d 718, 721, 756 N.E.2d 1258.

{¶ 32} The Ohio Supreme Court has held, "The presentment requirements of R.C. 2117.06, the creditor's claim statute, cannot be applied to bar the claim of an owner who seeks to recover assets wrongfully held in an estate." *Lewis v. Steinreich* (1995), 73 Ohio St.3d 299, 652 N.E.2d 981, at the syllabus. In *Lewis,* the appellant contested an appellate court decision that her ownership claim on brokerage account assets held by the decedent was barred by the time limits of R.C. 2117.06. The Supreme Court disagreed, finding that R.C. 2117.06's presentment requirements apply only to those claims that may be allowed as debts payable out of the assets of an estate. Id. at 301, 652 N.E.2d 981. This holding also applies to ownership claims on real property. See *In re Estate of Land* (Nov. 28, 2001), 9th Dist. No. 3187–M, 2001 WL 1509217.

{¶ 33} In this matter, appellee's claim, like that in *Lewis,* is an owner's claim to recover an asset wrongfully held in an estate. Therefore, her claim is not barred by R.C. 2117.06's time limit. Accordingly, appellant's second assignment of error is without merit.

{¶ 34} Appellant's third assignment of error states:

{¶ 35} "The trial court erred in failing to dismiss the movant-appellee's motion to set aside a certificate of transfer as an improperly brought motion to vacate."

■ {¶ 36} Appellant contends that appellee's motion to set aside a certificate of transfer was really a motion to vacate. Therefore, he reasons that her motion should be evaluated pursuant to a Civ.R. 60(B) analysis. Appellant argues that under a Civ.R. 60(B) analysis, appellee's claim must fail because she did not assert it in a timely fashion and she did not establish grounds for relief by providing supporting affidavits or substantive evidence.

{¶ 37} Even if appellee should have filed a motion to vacate instead of her motion to set aside a certificate of transfer, any error was harmless, as she met the Civ.R. 60(B) requirements.

■ {¶ 38} "Although a certificate of transfer is not an order per se, the certificate of transfer permits a party to transfer title of real property and is signed by the court. Logic dictates that the probate court may correct a mistake it has made concerning a certificate of transfer." *In re Estate of DeMarco* (Apr. 10, 1992), 11th Dist No. 91–A–1653, 1992 WL 79611. Thus, the probate court can vacate a certificate of transfer as it can vacate a judgment entry.

{¶ 39} Appellee's motion to set aside a certificate of transfer and a motion to vacate seem distinguishable in name only, as appellee's motion seems to be the functional equivalent of a motion to vacate. Therefore, for the purposes of this assignment of error, we will analyze appellee's motion to set aside a certificate of transfer as a Civ.R. 60(B) motion to vacate.

■ {¶ 40} The standard of review used to evaluate the trial court's decision to deny or grant a Civ. R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.*, 9th Dist. No. 21703, 2004-Ohio-2122, 2004 WL 894577, at ¶ 9.

{¶ 41} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. The court stated:

{¶ 42} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.

{¶ 43} As to the first *GTE* requirement, this court has stated that a party requesting Civ.R. 60(B) relief from judgment is only required to allege a meritorious claim or defense, not to prove that he will prevail on that claim or defense. *State Farm Ins. Co. v. Valentino*, 7th Dist. No. 02–CA–119, 2003-Ohio-3487, 2003 WL 21504831, at ¶ 18. Civ.R. 70 states, "If real or personal property is within this state, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others, and such judgment has the effect of a conveyance executed in due form of law." The divorce judgment in question directed Dinsio to execute and deliver to appellee all deeds or certificates necessary to effectuate the transfer of the property. In the event that he did not comply, the judgment was to serve as a transfer in and of itself. Thus, pursuant to Civ.R. 70, appellee alleged a meritorious claim. Therefore, she met the first *GTE* requirement.

{¶ 44} As to the second *GTE* requirement, appellee did not specify under which Civ.R. 60(B) subsection she sought relief. However, she was unaware of appellant's application for certificate of transfer at the time of the application in early 1998 and was not involved with or informed about that process. Moreover, appellee did not become aware of the transfer of the property until sometime after August 29, 2001, when her daughter received a letter from appellant's attorney requesting money to pay applicable estate taxes on the property. Due to appellee's lack of knowledge regarding appellant's transfer of the property, appellee's ground for relief from judgment falls under Civ.R. 60(B)(5), "any other reason justifying relief from the judgment." Appellee therefore met the second *GTE* requirement.

{¶ 45} Regarding the third and final *GTE* requirement, appellee's motion must be made within a "reasonable time." As we stated earlier, appellee did not learn of the transfer of the property until sometime after August 29, 2001. Because appellee filed her motion to set aside a transfer of property less than one year later, the motion was made within a reasonable time. Therefore, appellee met the final *GTE* requirement.

{¶ 46} Thus, even if appellee should have phrased her motion as a motion for relief from judgment, the probate court did not abuse its discretion in granting the motion because appellee met the *GTE* test. Accordingly, appellant's third assignment of error is without merit.

{¶ 47} Appellant's fourth assignment of error states:

{¶ 48} "The trial court erred in not finding the movant-appellee's judgment to be dormant and as such unenforceable in the probate court."

{¶ 49} Appellant argues that the divorce judgment became dormant because no action was taken on it from April 4, 1977, until April 18, 2002, when

appellee filed a copy of it with the county recorder. He contends that if a judgment creditor fails to take action on the judgment for five years from the date of issuance, the judgment becomes dormant, meaning no action to enforce the judgment may be taken by the judgment creditor, citing R.C. 2329.07. Therefore, appellant contends that the probate court should have dismissed appellee's motion because she did not possess a valid, nondormant judgment.

{¶ 50} In reply, appellee points to the probate court's holding on the issue:

{¶ 51} "The Administrator cites the dormancy statute, O.R.C. § 2329.07, but that statute is inapplicable to the domestic relations order in question. O.R.C. § 2329.07 applies to *money* judgments and the Administrator cites no cases or authorities that would support the application of O.R.C. § 2329.07 to the court order in question based upon the *real property*. This Court is not aware of any such authority and therefore finds the domestic relations order of 1977 is not dormant." (Emphasis sic.)

{¶ 52} R.C. 2329.07 provides:

{¶ 53} "If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor."

{¶ 54} Like the probate court, we find that R.C. 2329.07 does not apply to this judgment transferring real property. Authority dealing with R.C. 2329.07 and real property addresses liens against the property for monetary judgments, not judgments concerning ownership rights. And as stated previously, the property had belonged to appellee since the divorce in 1977. There is no lien or judgment on the property that would trigger R.C. 2329.07.

{¶ 55} Accordingly, appellant's fourth assignment of error is without merit.

{¶ 56} For the reasons stated above, the probate court's judgment is hereby affirmed.

Judgment affirmed.

VUKOVICH and DEGENARO, JJ., concur.