OPINION
{¶ 1} Plaintiff-appellant Linda Stetler ("Linda") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County dismissing her claim for lack of jurisdiction.
 {¶ 2} Linda and Ronald Stetler ("Ronald") were married on February 14, 1959. They divorced on June 6, 1989, after entering into a separation agreement that purportedly was the entire agreement between the parties. Although the agreement contained a clause titled "Article V, Insurance and Retirement Benefits," the agreement was silent as to Ronald's pension plan accumulated during the marriage. In January 2004, Ronald retired and began receiving his pension. Linda, after speaking to a volunteer at a local Senior Center, learned that the pension was a marital asset to which she was entitled to a share. On October 1, 2004, Linda filed a motion to divide the undisclosed asset. A hearing was held on June 22, 2005. After the hearing, the magistrate entered his decision finding a lack of jurisdiction on July 12, 2005. Linda filed timely objections to the magistrate's decision. On October 17, 2005, the trial court overruled the objections. Linda appeals from this decision and raises the following assignments of error.
The trial court erred in ruling it had no jurisdiction todivide a marital asset, namely [Ronald's] pension throughNavistar, which was undisclosed to the court in the separationagreement when the court entered its judgment entry dissolvingthe parties' marriage.
 The trial court erred in affirming the magistrate's decisionthat Civil Rule 60(B)(5) relief was not available to [Linda] toallow the trial court to divide [Ronald's] pension.
 The trial court erred in affirming the magistrate's decisionthat laches is applicable to bar [Linda's] motion to divide themarital portion of [Ronald's] pension.
 {¶ 3} In the first assignment of error, Linda claims that the trial court erred in finding it had no jurisdiction to divide the property after the original judgment. The trial court dismissed for lack of jurisdiction because of the passage of 16 years between the original decree and the motion to modify the decree.
Pursuant to R.C. 3105.171(I), a division of marital propertyor a distributive award made pursuant to a divorce action is notsubject to future modification by the court. Accordingly, a trialcourt does not have jurisdiction to later modify a maritalproperty division.
 Strain v. Strain, 6th Dist. No. L-03-1332,2004-Ohio-3792. Here, the trial court entered a final judgment which did not reserve jurisdiction to modify the property division. Thus, the trial court lacked jurisdiction to re-visit the property division. The first assignment of error is overruled.
 {¶ 4} The second assignment of error alleges that the trial court erred in finding that relief was unavailable pursuant to Civ.R. 60(B)(5).
On motion and upon such terms as are just, the court mayrelieve a party or his legal representative from a finaljudgment, order or proceeding for the following reasons: (1)mistake, inadvertence, surprise or excusable neglect; (2) newlydiscovered evidence which by due diligence could not have beendiscovered in time to move for a new trial under Rule 59(B); (3)fraud (whether heretofore denominated intrinsic or extrinsic),misrepresentation or other misconduct of an adverse party; (4)the judgment has been satisfied, released or discharged, or aprior judgment upon which it is based has been reversed orotherwise vacated, or it is no longer equitable that the judgmentshould have prospective application; or (5) any other reasonjustifying relief from the judgment. The motion shall be madewithin a reasonable time, and for reasons (1), (2) and (3) notmore than one year after the judgment order or proceeding wasentered or taken.
Civ.R. 60(B). Although there is no specific time limit set forth under reason 5, it is a catch-all provision that only applies if none of the more specific grounds apply. Hamlin v.Hamlin, 2nd Dist. No. 1629, 2004-Ohio-2742.
 {¶ 5} In this case, Linda claims that she did not know of the pension until 2004. This claim raises a basis for relief from judgment under Civ.R. 60(B)(2) for newly discovered evidence. The record reveals no reason why Linda, or her counsel, could not have discovered the pension at the time of the original proceeding. Evidence was presented that Ronald told Linda about the pension. Even if that was false, there is no evidence that Linda, through counsel, asked about a pension plan or could not have learned of it by some reason. If the claim is that Ronald hid the pension, then reason 3 setting forth fraud or misconduct of an adverse party applies. Even viewing the evidence in a light most favorable to Linda, the time limit for relief under Civ.R. 60(B) is one year. Id. A party may not circumvent the one year limitation by seeking to vacate a judgment under Civ.R. 60(B)(5) when the grounds is duplicative of a ground subject to the time limitation. Id. Therefore, the second assignment of error is overruled.
 {¶ 6} The final assignment of error raises the issue of whether the doctrine of laches applies. The doctrine of laches is an affirmative defense claiming that an omission to assert a right for an unreasonable and unexplained length of time has prejudiced the party raising the defense and should bar recovery by the plaintiff. Connin v. Bailey (1984), 15 Ohio St.3d 34,472 N.E.2d 328. The application of the doctrine of laches to a particular case is a matter within the sound discretion of the trial court. In re Estate of Dinsio, 159 Ohio App.3d 98,2004-Ohio-6036, 823 N.E.2d 43. The delay in this case was approximately 15 years from the time of the original decree until the time that the motion to divide the pension was filed. The trial court heard the testimony of the parties and made the following finding.[1]
 1. The passing of sixteen (16) years from the time originalJudgment was entered in this matter to the filing of the Motioncannot by any stretch of the imagination be considered to be a"reasonable time" as envision (sic) by the Civil Rules. The courtshould also be persuaded by the Respondent's argument of Lacheswhereby in his reliance on the finality of Judgment, he plannedhis retirement accordingly and has in fact been retired since2004.
 2. The Movant is guilty of "inexcusable neglect" in that theexercise of ordinary care, particularly after a thirty (30) yearmarriage, would have at least raised a suspicion that a twenty(20) year tenure at a major corporation might yield a retirementbenefit. Moreover, if it didn't occur to Linda, it certainlycrossed the mind of her attorney who drafted the SeparationAgreement containing ARTICLE V and ARTICLE VII.
Magistrate's Decision, 3. These findings are supported by the testimony in the record. Given these findings, the trial court did not abuse its discretion in applying the doctrine of laches. The third assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Van Wert County is affirmed.
Judgment Affirmed.
 Shaw and Cupp, J.J., concur.
[1] The trial court accepted the findings of fact set forth in the magistrate's opinion.