[Cite as *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas,* 130 Ohio St.3d 220, 2011-Ohio-5452.]

THE STATE EX REL. SKYWAY INVESTMENT CORPORATION, APPELLANT, *v.*
ASHTABULA COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas,* 130 Ohio St.3d 220, 2011-Ohio-5452.]

*Common pleas court did not patently and unambiguously lack jurisdiction in underlying matter—Court of appeals' judgment denying petition for writs of prohibition and mandamus affirmed.*

(No. 2011-0320—Submitted September 20, 2011—Decided October 27, 2011.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2007-A-0058.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a court of appeals judgment denying the petition of appellant, Skyway Investment Corporation ("Skyway"), for a writ of prohibition to prevent appellee, Ashtabula County Court of Common Pleas, from proceeding to place certain property owned by Skyway in receivership and a writ of mandamus to compel appellee to vacate its orders concerning the property in an underlying civil case. Because the common pleas court did not patently and unambiguously lack jurisdiction in the underlying matter, we affirm the judgment of the court of appeals.

**Facts**

{¶ 2} In November 1992, the Ashtabula County Court of Common Pleas entered a judgment in favor of John Poss and against Marilyn Morris in the amount of $149,750 plus interest in *Poss v. Morris*, Ashtabula C.P. No. 80956. When Poss experienced difficulties in enforcing the judgment against Morris, he filed a forcible-entry-and-detainer action against her.

**{¶ 3}** Poss and Morris settled the dispute concerning the enforcement of the judgment with a July 19, 1993 agreement under which Morris agreed to convey her property to Poss and Morris would be permitted to remain in a building on a 2.505-acre tract of the property until January 1, 1994. The parties specified that the "agreement constitutes a full and complete release between the parties and John Poss will release his judgment lien and mortgage lien upon receipt of the deed to the property." Just a few days before the agreement was executed, Morris filed a motion in the common pleas court to enforce the settlement. On September 16, 1993, the common pleas court incorporated the parties' settlement agreement into the judgment of the court.

**{¶ 4}** Morris subsequently filed for bankruptcy in 1995, which resulted in further litigation regarding the property. The United States Court of Appeals for the Sixth Circuit held that because of the 1993 judgment in favor of Poss, a constructive trust had been imposed on the property in his favor, and thus the property was not affected by Morris's bankruptcy filing. *In re Morris* (C.A.6, 2001), 260 F.3d 654.

**{¶ 5}** In December 2002, Poss filed a motion in the common pleas court for an order that Morris transfer the property to him as she had agreed. Arguments on the motion were heard in April 2003. On November 4, 2003, before the court ruled on Poss's motion, Morris transferred the property to Skyway. Skyway's attorney knew of the previous litigation, but concluded that Skyway was a bona fide purchaser for value.

**{¶ 6}** In July 2005, Poss filed a motion to appoint a receiver to take possession of the property that is the subject of the constructive trust and to appoint a person pursuant to Civ.R. 70 to execute the conveyance of the property to him as directed by the court's September 1993 judgment. In March 2006, the common pleas court granted the motion and appointed a receiver to take possession of the property and a person to prepare and execute a deed for the

conveyance of the property to Poss. The court directed service of the judgment on Skyway and set the matter for a May 2006 hearing at which Skyway could object to the judgment.

{¶ 7} Skyway entered an appearance in the case on May 10, 2006, and filed a motion on May 30, 2006, to vacate the judgment. In February 2007, the common pleas court joined Skyway as a party defendant to the case and set a May 2007 hearing on Skyway's motion to vacate the judgment. At the hearing, Skyway claimed for the first time that it was not a party in the case and that the court lacked subject-matter and personal jurisdiction to enter any order affecting its purported title to the property it had received from Morris. On May 7, 2007, the common pleas court rejected Skyway's jurisdictional argument, denied Skyway's May 2006 motion to vacate the judgment, approved its prior judgment, and authorized Poss to proceed to maintain and protect his interest in the property and to secure the transfer of the property to him.

{¶ 8} In July 2007, Skyway filed a petition in the Court of Appeals for Ashtabula County for a writ of prohibition to prevent the common pleas court from proceeding with the receivership and confiscating the property and for a writ of mandamus to compel the common pleas court to vacate its judgments and orders concerning the property. The common pleas court filed an answer, and the parties submitted motions for summary judgment. At a hearing before a court of appeals magistrate, Skyway's counsel conceded that it had not submitted into evidence a copy of its motion to vacate the common pleas court's judgment, because the motion was contrary to Skyway's current position that it had not voluntarily appeared in the common pleas court case. In January 2011, the court of appeals denied the writ.

{¶ 9} This cause is now before the court upon Skyway's appeal as of right.

**Legal Analysis**

{¶ 10} Skyway asserts that the court of appeals erred in denying its claims for extraordinary relief in prohibition and mandamus. "Neither mandamus nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5; see also *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305, ¶ 2.

{¶ 11} For the following reasons, the common pleas court did not patently and unambiguously lack either subject-matter jurisdiction or personal jurisdiction over Skyway to rule in the underlying proceeding.

{¶ 12} First, the court had inherent and statutory authority to rule in the underlying case. See *Cramer v. Petrie* (1994), 70 Ohio St.3d 131, 133, 637 N.E.2d 882 ("courts have inherent authority—authority that has existed since the very beginning of the common law—to compel obedience of their lawfully issued orders"); *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 73, 573 N.E.2d 62 ("It has long been recognized that the trial court is vested with sound discretion to appoint a receiver"); R.C. 2735.01(C) (common pleas court may appoint a receiver "[a]fter judgment, to carry the judgment into effect"); R.C. 2735.01(D) (common pleas court may appoint a receiver "[a]fter judgment, to dispose of the property according to the judgment").

{¶ 13} Second, the common pleas court did not lack jurisdiction to order the conveyance of the interest in the property notwithstanding that the 1992 judgment against Skyway's predecessor-in-title was for money only. Civ.R. 69 authorizes a common pleas court to direct the enforcement of the judgment:

"Process to enforce a judgment for the payment of money shall be a writ of execution, *unless the court directs otherwise*." (Emphasis added.) Because Poss had difficulty collecting on the money judgment, he filed a forcible-entry-and-detainer action against Morris, which led to the parties' settlement agreement. In fact, Morris invoked the continuing jurisdiction of the common pleas court by requesting that the court enforce the parties' settlement agreement. Ultimately, the court incorporated the settlement into its own order, as it was authorized to do. Thereafter, the court had jurisdiction to direct Morris to comply with the court order. Civ.R. 70 ("If a judgment directs a party to execute a conveyance of land * * * and the party fails to comply within the time specified, the court may, where necessary, direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party").

{¶ 14} Third, Skyway's claim that any judgment became dormant because of the passage of time is not cognizable in an extraordinary-writ action, and Skyway has or had an adequate remedy by appeal from the court's denial of its motion to vacate to raise this claim. See *State ex rel. Perotti v. McMonagle* (Oct. 5, 2000), Cuyahoga App. No. 78295, 2000 WL 1474510, *3 (claim that convictions and judgments for court costs were dormant because they were over 20 years old was not cognizable in prohibition, because common pleas court judge was authorized to revive any dormant judgment, and any claim that he erred in doing so would be remediable by Civ.R. 60(B) motion for relief from judgment). Moreover, the court's September 1993 judgment incorporating the parties' settlement in the underlying case was arguably not dormant, because it addressed ownership rights in the property rather than the initial monetary judgment. See *Poss v. Morris*, Ashtabula App. No. 2004-A-0093, 2006-Ohio-1441, ¶ 42, citing *In re Estate of Dinsio*, 159 Ohio App.3d 98, 2004-Ohio-6036, 823 N.E.2d 43, ¶ 54.

**{¶ 15}** Fourth, Skyway's claim that the 1993 settlement agreement was defective because of a lack of consideration does not raise a jurisdictional defect. And the parties' agreement evidenced sufficient consideration. See *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 28, quoting *Perlmuter Printing Co. v. Strome, Inc.* (N.D.Ohio 1976), 436 F.Supp. 409, 414 (defining consideration as a " 'bargained for legal benefit and/or detriment' ").

**{¶ 16}** Fifth, there was sufficient evidence for the court of appeals to conclude that the common pleas court had personal jurisdiction over Skyway because Skyway had entered an appearance in the underlying case and did not raise any jurisdictional objection until almost a year later. See *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156-157, 11 OBR 471, 464 N.E.2d 538 ("In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense"); *Merchants Bank & Trust Co. v. Five Star Fin. Corp.*, Hamilton App. No. C-100037, 2011-Ohio-2476, ¶ 19, fn. 15, quoting *McBride v. Coble Express* (1993), 92 Ohio App.3d 505, 510, 636 N.E.2d 356 (" '[A]ny objection to assumption of personal jurisdiction is waived by a party's failure to assert a challenge at its first appearance in the case, and such defendant is considered to have consented to the court's jurisdiction' "). And insofar as Skyway claims that there is conflicting evidence on this issue, the requested extraordinary relief is unavailable. See *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541 (when resolution of a claim alleging the lack of personal jurisdiction is dependent upon facts to be determined by a court, the court's ruling that it has jurisdiction is mere error for which extraordinary relief in prohibition is not the appropriate remedy).

**{¶ 17}** Finally, the cases that Skyway cites in support of its claim for extraordinary relief in prohibition and mandamus are either distinguishable, see *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 684 N.E.2d 72, and *State ex rel. Natl. City Bank of Cleveland v. Cuyahoga Cty. Court of Common Pleas* (1950), 154 Ohio St. 74, 42 O.O. 147, 93 N.E.2d 465, or were decided in the ordinary course of law by way of appeal rather than by an action for an extraordinary writ. *Baltimore & Ohio RR. v. Hollenberger* (1907), 76 Ohio St. 177, 81 N.E. 184.

**{¶ 18}** Therefore, the common pleas court did not patently and unambiguously lack jurisdiction to appoint a receiver and a person to effect the conveyance of the property in the underlying case, and Skyway, which had been joined as a party defendant in the proceeding by the common pleas court, had an adequate remedy by appeal to raise its claims.

### Conclusion

**{¶ 19}** Based on the foregoing, we affirm the judgment of the court of appeals denying the writs of prohibition and mandamus. We also deny Skyway's request for oral argument, because the parties' briefs are sufficient to resolve this appeal.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Robert S. Wynn and Emanuel H. McGregor, for appellant.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Rebecca K. Divoky, Assistant Prosecuting Attorney, for appellee.

_____