[Cite as *Kaethow v. Kaethow*, 2013-Ohio-2354.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

LORI A. KAETHOW

      Plaintiff-Appellee

-vs-

STEVEN H. KAETHOW

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 10-CA-92,
        10-CA-139

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 08-DR-00986 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 6, 2013 |

APPEARANCES:
k

For Plaintiff-Appellee

For Defendant-Appellant

ELIZABETH WESTFALL
5491 Scioto Darby Road
Suite 102
Hilliard, Ohio 43026

GARY J. GOTTFRIED
608 Office Parkway, Suite B
Westerville, Ohio 43082

*Hoffman, P.J.*

{¶1} In Licking App. No. 10CA0092, defendant-appellant Steven H. Kaethow ("Father") appeals the July 16, 2010 Judgment Decree of Divorce entered by the Licking County Court of Common Pleas, Domestic Relations Division, with respect to the trial court's calculation of child support and allocation of the tax dependency exemptions. Plantiff-appellee is Lori A. Kaethow ("Mother"). In Licking App. No. 10CA0139, Father appeals the November 17, 2010 Judgment Entry, which found his motion to vacate or modify the divorce decree to be moot.

STATEMENT OF THE FACTS AND CASE

{¶2} The parties were married on January 27, 2000. Two children were born as issue of the marriage. A third child was born prior to the marriage. Mother filed a complaint for divorce. Father filed an answer and counterclaim.

{¶3} The matter came on for hearing on October 16, and November 13, 2009. The parties executed an Agreed Shared Parent Plan. Therein, the parties stipulated the trial court would determine the amount of child support, the amount of child support deviation, and the allocation of the annual tax dependency exemptions for the three minor children.

{¶4} The trial court issued a Shared Parenting Decree on July 16, 2010, which adopted and incorporated the parties' Agreed Shared Parenting Plan. The trial court determined the amount of child support pursuant to the guidelines would be $1,541.55/month including processing fees. The trial court found the guideline child support amount would be unjust, inappropriate, and not in the children's best interest, and reduced Father's child support obligation to $1,209.06/month plus processing fees.

The trial court awarded the tax dependency exemption for the younger son to Father and the tax dependency exemption for the daughter to Mother. With respect to the tax dependency exemption for the older son, the trial court ordered each party receive the exemption on an alternating yearly basis.

{¶5} The trial court issued its Judgment Decree of Divorce on July 16, 2010. Therein, the trial court reiterated its findings and orders relative to the child support issues. Father filed a Notice of Appeal in Licking App. No. 10CA0092.

{¶6} On August 13, 2010, Father filed in the trial court a motion to vacate and/or modify the shared parenting decree regarding the child support calculation and tax dependency exemptions. Via Judgment Entry filed November 17, 2010, the trial court found Father's motion moot as a result of the appeal in Licking App. No. 10CA0092. Father filed a Notice of Appeal from this entry in Licking App. No. 10CA0139.

{¶7} In Licking App. No. 10CA0092, Father raises the following assignments of error:

{¶8} "I. THE TRIAL COURT'S CHILD SUPPORT CALCULATION WAS CONTRARY TO THE FACTS AND THE LAW AS IT WAS INCONSISTENT WITH THE PARTIES' SHARED PARENTING PLAN, WHICH WAS ADOPTED BY THE COURT.

{¶9} "II. THE TRIAL COURT'S ALLOCATION OF DEPENDENCY EXEMPTIONS WAS CONTRARY TO THE FACTS AND THE LAW."

{¶10} In Licking App. No. 10CA0139, Father raises as his sole assignment of error:

**{¶11}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO DECIDE APPELLANT'S MOTION TO MODIFY CHILD SUPPORT PURSUANT TO CIVIL RULE75(H) ON ITS MERITS."

APP. NO. 10CA0092

I

**{¶12}** In his first assignment of error, Father contends the trial court's child support calculation was contrary to the facts and the law as it was inconsistent with the parties' shared parenting plan.

**{¶13}** In *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989), the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶14}** Father takes issue with the trial court's inclusion of the child care expenses in its calculation of child support.  Father explains the trial court's inclusion of this expense results in his paying 56.21% of the child care expenses, rather than the 50% as agreed to by the parties.

**{¶15}** In their Agreed Shared Parenting Plan, the parties agreed to have the trial court determine the amount of child support, the amount of child support deviation, and the allocation of the annual tax dependency exemptions.  The parties also executed a Schedule I visitation schedule which was incorporated into their Agreed Shared Parenting Plan and provides, in relevant part:

Child Care-If [daughter] is enrolled in a child care or pre-school, the facility will have to be agreed upon by both parents * * *If a child care or pre-school is selected by both parents and [daughter] is enrolled, then tuition will be divided by both parents on a weekly basis, *as long as it has not already been included in child support.* (Emphasis added).

**{¶16}** The aforementioned clearly expresses the parties' agreement to divide the cost of child care on a weekly basis, "as long as it has not already been included in child support."   The trial court included child care expenses for purposes of computing child support on the Child Support Computation Summary Worksheet; therefore, the child care expense would not be divided by the parties.  Because the parties contemplated the inclusion of child care expenses in the child support calculation, we find the trial court did not abuse its discretion in including the expense when calculating child support.

**{¶17}** Father's first assignment of error is overruled.

II

**{¶18}** In his second assignment of error, Father asserts the trial court's allocation of the tax dependency exemptions was contrary to the facts and the law.

**{¶19}** In general, we review a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard. See *Eickelberger v. Eickelberger*, 93 Ohio App.3d 221, 225-26, 638 N.E.2d 130 (1994), citing *Hughes v. Hughes*, 35 Ohio St.3d 165, 518 N.E.2d 1213 (1988). However, this discretion is both guided and limited by the statutory requirements of R.C. 3119.82. In *Glassner v. Glassner,* Stark App.

No.2005-CA00137, 2006-Ohio-514, this court applied the abuse of discretion standard in reviewing a trial court's allocation of dependency tax exemption.

**{¶20}** In their Agreed Shared Parenting Plan, the parties stipulated the trial court would determine the amount the allocation of the annual tax dependency exemptions for the three minor children. The trial court awarded the tax dependency exemption for the younger son to Father and the tax dependency exemption for the daughter to Mother. The trial court ordered the tax dependency exemption for the older son be taken by the parties on an alternating yearly basis. Father submits the tax dependency exemption is most beneficial to him; therefore, the trial court should have awarded all three exemptions to him.

**{¶21}** As a general rule, under the Internal Revenue Code, the residential parent presumptively receives the tax dependency exemption. *Singer v. Dickerson* (1992), 63 Ohio St.3d 408, 411, 588 N.E.2d 806. The parties agreed both parents would be designated as the residential parents and the legal custodians of the children. Based upon the presumption, we find the trial court did not abuse its discretion in the allocation of the tax dependency exemptions.

**{¶22}** Father's second assignment of error is overruled.

APP. NO. 10CA0139

I

**{¶23}** In his sole assignment of error in App. Case No. 10CA0139, Father maintains the trial court erred and abused its discretion in failing to decide his motion to modify child support on its merits pursuant to Civ. R. 75(H).

**{¶24}** The trial court found Father's motion to vacate and/or modify child support was moot due to Father's pending appeal. The trial court essentially found it lacked jurisdiction to rule on the motion. Having ruled on Father's underlying appeal from the original divorce decree, we need not address this assignment of error as the motion to vacate and/or modify child support is now ripe for review by the trial court.

**{¶25}** Father's sole assignment of error is overruled as moot.

**{¶26}** The judgments of the Licking County Court of Common Pleas, Domestic Relations Division, are affirmed.

By: Hoffman, P.J.

Wise, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LORI A. KAETHOW                                    :
                                                   :
          Plaintiff-Appellee                       :
                                                   :
-vs-                                               :              JUDGMENT ENTRY
                                                   :
STEVEN H. KAETHOW                                  :
                                                   :
          Defendant-Appellant                      :              Case No. 10-CA-92


          For the reasons stated in our accompanying Opinion, the judgment of the Licking

County Court of Common Pleas, Domestic Relations Division, is affirmed.    Costs to

Appellant.



                                        s/ William B. Hoffman_____
                                        HON. WILLIAM B. HOFFMAN


                                        s/ John W. Wise _____
                                        HON. JOHN W. WISE


                                        s/ Patricia A. Delaney _____
                                        HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

LORI A. KAETHOW                      :

                         :

      Plaintiff-Appellee           :

                         :

-vs-                          :          JUDGMENT ENTRY

                         :

STEVEN H. KAETHOW            :

                         :

      Defendant-Appellant     :          Case No.  10-CA-139

For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY