GATCHEL, Appellee,

v.

GATCHEL, Appellant.

[Cite as *Gatchel v. Gatchel,* 159 Ohio App.3d 519, 2005-Ohio-148.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–04–11.

Decided Jan. 18, 2005.

Dennis E. Pfeifer, for appellee.

Mark J. Ellis, for appellant.

Cupp, Judge.

{¶ 1} Dennis Gatchel, appellant, appeals the judgment of the Wyandot County Court of Common Pleas, Domestic Relations Division, ordering him to continue to

pay child support to his 18–year–old son, Nathan, while Nathan is attending school at the Christian Learning Center in Pandora, Ohio.

{¶ 2} Dennis's marriage to Susan Gatchel, appellee, was terminated by a divorce decree filed September 3, 1991. Pursuant to the decree, Susan was designated the residential parent of Nicholas, born January 14, 1984, and Nathan, born January 14, 1986. The decree also ordered that Dennis was to pay child support for his two children. The support order for Nicholas terminated when he graduated from high school on June 1, 2002.

{¶ 3} On January 8, 2004, the Wyandot County Child Support Enforcement Agency conducted an administrative hearing to determine whether Dennis's child-support obligation for Nathan should continue beyond Nathan's 18th birthday, which would occur on January 14, 2004, for the reason that Nathan was attending an accredited high school. At the hearing, evidence was presented that Susan had requested that Nathan be home-schooled for the 2003–2004 school year and that Bluffton Exempted Village Schools had granted the request. The hearing officer determined that Nathan was not actually schooled at home but was attending the Christian Learning Center in Pandora, Ohio. Finding that Nathan was not attending an accredited high school, the hearing officer recommended that child support be terminated.

{¶ 4} In response to the administrative hearing officer's decision, Susan requested a hearing with the magistrate. The hearing was conducted March 10, 2004. The magistrate found that the Christian Learning Center was not an accredited high school. However, the magistrate also determined that Nathan should not be deemed emancipated for child-support purposes. Therefore, the magistrate concluded that Nathan's child support should continue while he is attending school, but recommended that the support award terminate upon Nathan's 19th birthday, regardless of his school status.

{¶ 5} Dennis filed objections to the magistrate's decision. Although Dennis did not dispute the facts as found by the magistrate, Dennis alleged that the recommendation that his child-support obligation to Nathan should continue was contrary to law. Following a hearing, the trial court overruled the objections to the magistrate's decision. The trial court found that although the Christian Learning Center was not an accredited high school, it was, nevertheless, approved by the state. The trial court, therefore, approved the magistrate's recommendation that child support for Nathan must continue.

{¶ 6} It is from this decision that Dennis appeals, setting forth two assignments of error for our review. For clarity of analysis, we have combined the assigned errors.

■■■■■■■■■■■■■■

### Assignment of Error No. I

The findings of fact, as determined by the Magistrate, do not support the Court's legal conclusion that Appellant's child support obligation should continue due to his adult son attending an approved home school program.

### Assignment of Error No. II ·

The trial court erred, to the prejudice of Appellant, in concluding that the OAC section 3301–34–03(C) exception to compulsory school attendance is also an exception to the clear and unambiguous terms of ORC sections 3103.03, 3103.031, and 3119.86 and 3119.88, which define when a duty to pay child support terminates.

{¶ 7} Generally, a parent's duty of support to a child ends when the child reaches the age of majority. R.C. 3103.03. Pursuant to R.C. 3109.01, a child reaches the age of majority at age 18. Statutory law, however, also provides that child-support orders should remain in effect after a child's 18th birthday when the child "continuously attends on a full-time basis any recognized and accredited high school." R.C. 3103.03. The General Assembly's purpose in enacting this provision was "to ensure that parents support their child so long as the child is working to obtain a basic level of training and education, as provided by a high school program, with the ultimate goal of enabling the child to become self-sufficient." *Weber v. Weber* (May 23, 2001), 9th Dist. No. 00CA007722, at 9, 2001 WL 542319.

{¶ 8} Dennis maintains that his child-support obligation for Nathan should not continue past Nathan's 18th birthday, which was January 14, 2004, because Nathan is not attending an accredited high school. Dennis argues that the child-support order entered June 4, 2004, specifically stated that Nathan's child-support would continue "so long as the child continually attends on a full time basis an accredited high school." Dennis contends that the child-support provisions of the Revised Code establish a policy to permit only students who complete their state-regulated, state-supervised, and standardized educational programs and who receive a diploma recognized by the state to continue to receive financial support from their parents. Home-school programs, Dennis maintains, do not achieve this legitimate purpose. Because the magistrate determined that Nathan is not attending an "accredited high school," Dennis asserts, the evidence does not support the trial court's conclusion that the support obligation should continue on the basis that Nathan attends an approved home-school program.

■■ {¶ 9} The issue before this court is, therefore, whether Nathan's home-education program may be classified as a "recognized and accredited high school" for purposes of a child-support obligation pursuant to statutory authority. The

interpretation of a statute is a matter of law and is reviewed under a de novo standard. *State v. Wemer* (1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258.

{¶ 10} Ohio provides a home-education exception to the requirement of compulsory school attendance, which recognizes the rights of parents to educate their children at home. R.C. 3321.04(A)(2). This exception is accomplished by the issuance of an excuse from compulsory school attendance. Id. The procedure for issuing an excuse is governed by administrative rules formally promulgated by the state board of education. Ohio Adm.Code 3301–34–01 et seq. Among the stated purposes of these administrative rules is "to prescribe conditions governing the issuance of excuses from [public] school attendance" and "to provide for the consistent application thereof throughout the state by superintendents." Ohio Adm.Code 3301–34–02.

{¶ 11} Home education must be in accordance with law, however. Id. The right of parents to educate their children at home is qualified and subject to reasonable government regulations designed to ensure that minimum standards of education prescribed by the state are met, consistent with the state's compelling interest in ensuring that all of its citizens receive a quality basic education. *State v. Schmidt* (1987), 29 Ohio St.3d 32, 29 OBR 383, 505 N.E.2d 627.

{¶ 12} Parents in Ohio who desire to educate their children at home rather than in a public or private school must submit extensive information about the proposed home-education program to the superintendent of their local school district prior to excusal from school attendance. R.C. 3321.04; Ohio Adm.Code 3301–34–03. Among the information that must be provided to the superintendent are (1) an assurance that home education will include the following: language, reading, spelling, and writing; geography, United States and Ohio history, and national, state, and local government; mathematics; science; health; physical education; fine arts, including music; and first aid, safety, and fire prevention; (2) a brief outline of the intended curriculum; (3) a list of textbooks, correspondence courses, commercial curricula, or other basic teaching materials; (4) assurance that the child will be provided a minimum of 900 hours of home education each school year; and (5) assurance that the home teacher has specified qualifications. Ohio Adm.Code 3301–34–04.

{¶ 13} The administrative rules further require scrutiny of the proposed home-education program by the school superintendent to ensure that minimum standards of education prescribed by law are satisfied. Ohio Adm.Code 3301–34–03. If the superintendent finds that the program meets the criteria, the child shall be excused from attending public school in order to be home-schooled. Id. However, if the superintendent later determines, in accordance with the procedures set forth in the rule, that the home education is not being provided, the superintendent is required to revoke the excuse from attendance at the public school. Id.

{¶ 14} The administrative rules also provide a mechanism for assessment of students who are in home education, provide for remediation if the student is not "demonstrating reasonable proficiency," and require a school district to permit a child who has been home-educated to be enrolled or reenrolled "without discrimination or prejudice." Ohio Adm.Coded 3301–34–04, 3301–34–05, 3301–34–06.

{¶ 15} The trial court had before it only the magistrate's decision and the objections filed by Dennis. Neither Susan nor the Child Support Enforcement Agency filed a response to Dennis's objections, and Dennis did not provide to the trial court a transcript of the proceedings before the magistrate, because he did not dispute the relevant factual findings made by the magistrate. Therefore, the trial court was left to dispose of the objections to the magistrate's decision upon the facts as found by the magistrate. See Civ.R. 53.

{¶ 16} In its judgment entry, the trial court recited the facts as determined by the magistrate, noting that Nathan attends school full-time at the Christian Learning Center and that the Bluffton School District had approved this school program for Nathan for the 2003–2004 school year. Relying on *Brown v. Brown* (December 27, 1995), 7th Dist. No. 94 CA 172, 1995 WL 782884, the trial court then concluded that Nathan's home-school program had been approved by the state and that approval satisfied the requirement of R.C. 3103.03 that a child attend a "recognized and accredited high school."

{¶ 17} In *Brown*, the appellate court was presented evidence that only 500 of more than 1500 Ohio high schools held the distinction of being accredited. Therefore, the court held that "recognized and accredited" as set out in R.C. 3103.03(B) means "as approved by the state." The *Brown* court further opined that penalizing a child in a legitimate home-school program was unfair and that a "balancing of interest would be in favor of permitting home schooling to qualify for the exception in R.C. 3103.03(B)."

{¶ 18} We note, as did the appellate court in *Brown,* that R.C. 3103.03 does not suggest any special meaning to the words "recognized" and "accredited." Nor are the terms defined by the statute. When words are not statutorily defined, we ascribe to them their common meaning. R.C. 1.42. "Accredited" is defined as "officially authorized or recognized; accepted as valid or authoritative; and officially vouched for or guaranteed as conforming to a prescribed or desirable standard." Webster's Third New International Dictionary (1961) 13.

{¶ 19} After consideration, it is clear that the legislature has demonstrated a purpose to excuse a child from compulsory attendance at the school district where the parents of the child reside when an adequate education through home-schooling is available to the child. Additionally, the administrative rules, promulgated in accordance with statutory authority, have set out procedures and requirements to ensure that a child achieves "reasonable proficiency" in designat-

ed subject matters while being educated in this alternative setting. Therefore, we determine that an approved home-education program becomes the legal equivalent of attending a public, private, or parochial school for purposes of a child-support obligation under R.C. 3119.86.

{¶ 20} Accordingly, since Nathan's home-education program operates under a valid excuse from compulsory attendance and he continuously attends the program on a full-time basis, we cannot find that the trial court erred in overruling the objections to the magistrate's decision or in concluding that the child-support order for Nathan should continue past his 18th birthday. Continuing Nathan's child support during his attendance at the Christian Learning Center achieves the legislature's purpose "to ensure that parents support their child so long as the child is working to obtain a basic level of training." *Weber v. Weber* (May 23, 2001), 9th Dist. No. 00CA007722, at 9.

{¶ 21} Moreover, as found by the trial court, the facts of the case sub judice do not indicate that Nathan's schooling is a sham or a subterfuge. Nathan's reading and math skills have improved since his attendance at the Christian Learning Center, indicating, as the trial court determined, that he "is working toward becoming more self-sufficient and not abusing the child-support law for [Susan's] or his own impermissible gain."

{¶ 22} Dennis's first and second assignments of error are overruled.

{¶ 23} Having found no error prejudicial to appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.