OPINION
{¶ 1} Defendant-appellant Darwin Carpenter appeals from the August 17, 2007 divorce decree entered in the Noble County Common Pleas Court. The issue in this appeal is whether the trial court's decision rendered on that day was an improper reconsideration of its earlier June 14, 2006 decision that resulted from the April 10, 2006 final hearing. If it was not, then was the decision in conformity with the agreements made on the record at the April 10, 2006 hearing? For the reasons expressed below, we find that the August 17, 2007 divorce decree was not a reconsideration of the prior order. As to the conformity issue, we affirm in part, reverse in part and remand the case back to the trial court.
 STATEMENT OF THE CASE {¶ 2} Plaintiff-appellee Angela Carpenter and Darwin were married in 1987 and four children resulted from their union. In December 2004, Angela filed a complaint for divorce. Thereafter, Darwin filed an answer and counter-claim. A final hearing was held on April 10, 2006. At that hearing, the trial court was informed that the parties had agreed on several issues, however, division of the property still needed to be decided, as well as issues concerning parenting time. As to the parenting time, three of the children resided with Angela (the daughter and two youngest sons) and the other child (the eldest son) resided with Darwin. While the parties agreed with this arrangement, they were having trouble with the parenting times for visitation.
 {¶ 3} On June 14, 2006, the trial court issued a judgment entry that resolved the property disputes. In regards to the parenting time, the trial court stated:
 {¶ 4} "Certain matters were agreed to and stipulated in the record. Those matters are equitable, in the best interest of the children, and should be approved." (06/14/06 J.E.).
 {¶ 5} At the end of the entry, the court ordered Angela's counsel to prepare an entry that reflected the agreed matters. (06/14/06 J.E.). However, no other entry was entered and on November 20, 2006, Angela filed a motion for reconsideration and clarification of the June 14, 2006 decision. The motion raised issues with both property division and parenting time. Darwin opposed the motion. The trial court denied the motion for reconsideration at the February 27, 2007 hearing, but a judgment entry to that effect was not journalized. At the end of the February 27, 2007 *Page 3 
hearing, the trial court directed Darwin's counsel to prepare a judgment entry that incorporated the parties' agreements that were made on the record before the start of testimony at the April 10, 2006 final hearing.
 {¶ 6} On August 17, 2007, a final judgment of divorce was rendered. This judgment was signed by Angela, her counsel, and the trial court; Darwin and his counsel did not sign this entry. Darwin now timely appeals from the entry raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING THE APPELLEE TO SUBMIT A JOURNAL ENTRY TO THE COURT THAT WAS CONTRARY TO THE EVIDENCE AT THE HEARING UNDER THE GUISE OF A MOTION FOR CLARIFICATION/RECONSIDERATION."
 {¶ 8} Darwin argues that the trial court's August 17, 2007 judgment should be vacated. His problem with this judgment entry is how it deals with parenting time. Specifically, he contends that at the April 10, 2006 final hearing, the parties did not agree to all the clauses in the August 17, 2007 judgment. Further, he claims that this entry resulted from Angela's improper and untimely motion for reconsideration that she used to re-litigate the parenting time that was already litigated. According to him, this is grounds for vacation.
 {¶ 9} In determining whether there is any merit with the argument that the August 17, 2007 entry must be vacated because it resulted from a reconsideration motion that was improper, we must look to the procedural posture of this case. The June 14, 2006 order specifically stated that certain issues were agreed to and that those matters were equitable and in the best interest of the children. Thus, they were approved. At the end of the entry, the trial court ordered Angela's counsel to prepare an entry that set forth the agreed upon matters.
 {¶ 10} The motion for reconsideration and clarification was filed November 20, 2006. In that motion, Angela requested reconsideration of the property division award and also stated that no judgment had yet been rendered on the issue of parental rights and that she would like a few additions added to that judgment so that all aspects of the parties' responsibilities are addressed and parenting time could run smoothly. She stated that while she had previously agreed to the eldest son residing with Darwin, due to a change in circumstances, she was requesting that she be named residential *Page 4 
parent and custodian of that child. She then added that if the trial court did not grant that request, that certain clauses should be incorporated into the standard parenting time order. For instance, that the eldest son should be prohibited from driving a motor vehicle until he has a valid driver's license, that he must get off the bus at her house every day and Darwin can pick him up when his parenting time begins and that "vacations in the summer months supercede [sic] holidays in terms of parenting time for the parties." In addition to these provisions, she also requested that the parties split any and all costs associated with the minor children's extracurricular activities and any work related daycare expenses so that Darwin would pay 2/3 of the costs while she would pay 1/3 of the costs. Likewise, she asked for a similar split for uncovered healthcare expenses. Lastly, she requested that she be entitled to the tax dependency exemption for the children living with her for the 2006 tax year and every year thereafter. Darwin, she stated, could be entitled to the tax dependency exemption for the eldest son for the 2006 tax year and every year thereafter.
 {¶ 11} No entry was signed and filed before the above requests were made. Darwin's opposition to the reconsideration motion explained why an entry was never filed. He (Attorney Wilson as Darwin's counsel) stated that Angela's counsel prepared an entry but that entry did not accurately reflect the parties' agreement, therefore, they prepared an alternative entry, but it was not filed by the plaintiff. Due to the dispute over the entries, Darwin argued that the trial court should use either one of those entries or prepare its own.
 {¶ 12} At the February 27, 2007 hearing that dealt with the motion for reconsideration and motion in opposition, the trial court ordered Darwin's counsel (Wilson) to prepare a judgment that reflected the parties' agreement. This was done because Angela had retained new counsel who did not represent her at the April 10, 2006 hearing, and therefore, Darwin's counsel was in a better position to know the parties' agreement. Darwin's counsel ordered a copy of the transcript from the April 10, 2006 hearing and prepared a judgment allegedly in accordance with that hearing.
 {¶ 13} It appears from the record that the entry prepared by Darwin's counsel is the August 17, 2007 judgment. That entry incorporated all but two requests concerning parenting time that were made in Angela's motion for reconsideration and clarification. The two requests not granted were that Angela did not become the eldest son's residential parent and legal custodian and there was no order that the eldest son *Page 5 
had to get off the bus at Angela's house everyday. Darwin did not sign that entry, but Angela, her counsel and the trial court signed it.[1]
 {¶ 14} Considering the above, the June 14, 2006 decision was not a final order on parental rights and responsibilities. While that order states that the parties' agreement was in the best interest of the children and "should" be approved, it also clearly indicated that the agreement would be journalized in a judgment to follow. As a trial court speaks solely through its judgment entry, this is a clear indication that there was no final order issued on parental rights and responsibilities in the June 14, 2006 judgment. Dailey v. Craigmyle Sons Farms, L.L.C., 4th Dist. No. 07CA856, 2008-Ohio-4034, ¶ 23
(explaining that a trial court speaks solely through its judgment entry), citing State ex rel. Indus. Comm. v. Day (1940),136 Ohio St. 477. Accordingly, the August 17, 2007 judgment entry was the first and final entry on parental rights and responsibilities; it was not a reconsideration of a prior final order concerning parental rights and responsibilities, and thus, was not a nullity. Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 381 (stating that reconsideration of a final order is a nullity).
 {¶ 15} Furthermore, it is observed that the August 17, 2007 judgment does not indicate that it is a reconsideration of a prior order. Rather, this order is the final divorce decree that incorporates the parties' agreement; the judgment not only incorporated the trial court's June 14, 2006 decision regarding property division (which is not disputed in this appeal), but it also, in some instances, used language that "each party agrees" and the "parties agree," thereby indicating that it was also an incorporation of the parties agreement.
 {¶ 16} Consequently, we cannot conclude that the August 17, 2007 judgment entry resulted from an improper reconsideration motion that sought to allegedly re-litigate what already had been determined and finalized by the trial court. One cannot reconsider something that has yet to be determined.
 {¶ 17} Thus, we now turn to the issue of whether certain clauses in the trial court's August 17, 2007 judgment are in conformity with the agreement reached between the parties and with their testimony at the April 10, 2006 hearing.
 {¶ 18} We review matters concerning the allocation of parental rights and responsibilities for an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, *Page 6 
144. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 19} The specific aspects of the August 17, 2007 judgment entry that Darwin focuses on in this appeal are the clauses that Angela requested in her motion for reconsideration to be added to the judgment entry regarding parental rights and responsibilities. As stated above, these requests were: 1) prohibiting the eldest son from driving until he has a valid driver's license; 2) that "vacations in the summer months supercede [sic] holidays in terms of parenting time for the parties"; 3) splitting of costs for extracurricular activities and uncovered healthcare costs; and 4) allocating the tax dependency exemptions.
 {¶ 20} Each clause will be addressed in turn, but prior to addressing them it is noted that at the start of the April 10, 2006 hearing, the parties through their counsel stated their agreement. For instance, they agreed they were incompatible, that there would be no alimony, no reservation of alimony, that each party would pay half the court costs, that each would pay their own attorney, that each party would have exclusive ownership of their retirements and pensions free and clear of any interest of the other party and that Angela would be the residential parent of the daughter and the two youngest sons, while Darwin would be the residential parent of the eldest son. (04/10/06 Tr. 1-2). As can be seen by the above explanation, the clauses that Darwin finds fault with in the August 17, 2007 judgment do not deal with the stipulations that were represented to the court prior to the testimony. Rather, his dispute is that the parties' testimony does not show that the parties agreed to the clauses he finds fault with and, as such, the trial court should not have allowed those clauses to be in the final divorce decree.
 {¶ 21} The first clause is the prohibition against the eldest son driving "any motor vehicle for any reason whatsoever, upon any property whatsoever, private or public, until such time as he has a valid drivers [sic] license." (08/17/07 J.E. paragraph 12).
 {¶ 22} At the hearing, testimony was offered concerning the eldest son sometimes driving either the truck or the four wheeler to the bus stop. Debbie Devitis, the guardian ad litem, testified that Angela had expressed reservations to her about the eldest son driving a motor vehicle. (04/10/06 Tr. 37). Devitis agreed that given *Page 7 
that the eldest son was 13, almost 14 years old, he should not be driving a motor vehicle. (04/10/06 Tr. 38). At that hearing, Darwin was asked if he would agree that the eldest son "is not driving the truck anymore" and he responded that he could still drive the four wheeler. (04/10/06 Tr. 111). Accordingly, the testimony is not clear that the parties agree that the eldest son should not drive the truck or the four wheeler.
 {¶ 23} Regardless, given that the trial court has broad authority in allocating parental rights and responsibilities and as there was testimony about Angela's concern with the eldest son driving the truck and four wheeler, the trial court's judgment setting forth exactly what the rights and responsibilities of the parties were in this area was not an abuse of discretion. Galloway v. Khan, 10th Dist. No. 06AP-140,2006-Ohio-6637, ¶ 52, citing Corradi v. Corradi, 7th Dist. No. 01CA22, 2002-Ohio-3011, ¶ 10 (indicating the trial court has broad authority in allocating parental rights and responsibilities). This is especially the case considering that at the hearing the guardian ad litem indicated that the parties could barely agree on anything concerning the children and the children were consistently being put in the middle. (04/10/06 Tr. 39, 44-45).
 {¶ 24} The next clause is the vacation clause; that "vacations in the summer months supercede [sic] holidays in terms of parenting time for the parties." (08/17/07 J.E. paragraph 12). Angela did not testify about summer visitation and vacationing times; however, Darwin did. He explained that the previous year Angela had requested a trade on certain weekends during the summer and he complied with her request, but in the end she did not give him another weekend to make up for the one she requested. (04/10/06 Tr. 102). He explained that he wanted the children the week before and during the fair and two weeks in July. (04/10/06 Tr. 102).
 {¶ 25} This testimony does not show that there was an agreement between the parties about summer visitation and vacations; however, it does show that there was some evidence presented about summer visitation and vacations. As such, for the same reasons expressed earlier (as to driving the motor vehicle), we do not find that the trial court abused its discretion by entering the clause requested by Angela.
 {¶ 26} The next clause is for any costs associated with any work related daycare or babysitting expenses. This clause states that "the parties agreed to split any and all costs for extracurricular activities and work related daycare." (08/17/07 J.E. paragraph 13). It further adds, in the next sentence, that the parties will split these costs so that Angela would be responsible for 1/3 of the costs and Darwin would *Page 8 
be responsible for 2/3 of the costs. (08/17/07 J.E. paragraph 13). That sentence does not indicate that the parties agreed to split the costs in that manner.
 {¶ 27} In this instance, Darwin does not argue that the testimony does not support the trial court's determination of splitting the costs; rather, he argues that these costs are typically split 50/50 or according to the child support guidelines. He claims, "It is not proper for the Appellee to get 2/3 from the Appellant for child care expenses when those figures are accounted for in child support guidelines and taken into consideration in determining child support."
 {¶ 28} It is acknowledged that the child support worksheet for split parenting at line 19 allows for computation of daycare costs to be incorporated into the determination of child support. R.C. 3119.023. This section clearly states that the court must use the worksheet to compute child support. Id. However, the record contains no worksheet. Thus, we do not know if the worksheet was used to compute child support and, if it was, whether the daycare expenses were added in to compute child support. Failure to use the worksheet could require reversal and remand for its completion. See Cameron v. Cameron, 10th Dist. No. 06AP-793, 2007-Ohio-3994, ¶ 4. That said, Darwin does not make any arguments about the failure to include a worksheet. As such, Darwin waived this argument.
 {¶ 29} Darwin's next complaint is with the healthcare clause that explains how to split healthcare costs that were not fully covered by insurance. A paragraph in this clause states that Angela is responsible for 1/3 of uncovered healthcare costs, while Darwin is responsible for the remaining 2/3. (08/17/06 J.E. paragraph 12).
 {¶ 30} He contends that this is not what was agreed to in the testimony at the April 10, 2006 hearing. He cites this court to a portion of the testimony where on direct examination Angela's attorney asked her whether she was asking the trial court to order her husband to pay one half of the fees for the children's medical expenses and she responded in the affirmative. (04/10/06 Tr. 51).
 {¶ 31} Darwin is correct that this question was asked, however, we must look to the whole colloquy to understand what she was asking for:
 {¶ 32} "Q. Can you identify H for Judge Nau please?
 {¶ 33} "A. These are all the prescription bills I've had, the copays at the doctors officer, dental bills, since October of 2004, since moving out of the residence.
 {¶ 34} "Q. And those are all fair and accurate representations of the originals? *Page 9 
 {¶ 35} "A. Yes.
 {¶ 36} "Q. And are you asking Judge Nau to order your husband to pay his one-half of those fees for the children's medical expenses?
 {¶ 37} "A. Yes." (04/10/06 Tr. 51).
 {¶ 38} This was the only debt from the marriage that the parties had (the children's medical expenses) and she wanted Darwin to pay for half of it. (04/10/06 Tr. 56). By reading more than one question and answer, it becomes clear that Angela was asking the court to order Darwin to pay for half of the medical expenses from the time of the separation in October 2004 until the granting of the divorce. It was not a request to have the medical expenses split in this manner after the divorce.
 {¶ 39} Considering this, there was no agreement between the parties on unpaid healthcare expenses and it was within the trial court's discretion to order them to be paid in this manner. When looking at what the parties testified to as to the amount of money they make a year, Angela makes about 1/3 of what Darwin makes; thus, the computation is not an abuse of discretion. See Glassner v. Glassner, 5th Dist. No. 2005CA00137, 2006-Ohio-514, ¶ 36 (dividing out of pocket medical expenses in conformity with the parties respective income was not an abuse of discretion).
 {¶ 40} The last clause is the dependency tax exemption clause. The trial court ordered the dependency tax exemption clause that was requested by Angela in her motion for reconsideration and clarification. It granted Angela the tax dependency exemption for the three children residing with her for the 2006 tax year and every year thereafter. (08/17/07 J.E. paragraph 14). Darwin received the tax dependency exemption for the one child residing with him for the 2006 tax year and every year thereafter. (08/17/07 J.E. paragraph 14).
 {¶ 41} Darwin contends that the testimony at the hearing is not in conformity with this clause. He is correct. At the hearing, Angela testified through direct examination to the following:
 {¶ 42} "Q. Now in regard to claiming the children, are you asking Judge Nau to let you claim two of the children and your husband claim two of the children?
 {¶ 43} "A. Yes.
 {¶ 44} "Q. And then when there's only three children alternative, you claim two and he claims one and then flip it the next year?
 {¶ 45} "A. Yes. *Page 10 
 {¶ 46} "Q. And when there's two children you each take one and when there's one you alternate it?
 {¶ 47} "A. Um-hum.
 {¶ 48} "Q. You believe that's fair?
 {¶ 49} "A. Yes." (04/10/06 Tr. 53-54).
 {¶ 50} Darwin testified on direct examination to the same scenario:
 {¶ 51} "Q. The tax exemptions you've heard what your wife testified to as far as her proposed apportioning of the tax exemptions, are you objecting to that or not?
 {¶ 52} "A. You mean with the two?
 {¶ 53} "Q. Two and two?
 {¶ 54} "A. No, I don't object to that.
 {¶ 55} "Q. Okay. And then as the kids become older and one drops off one would declare the children one year, two would get to declare them and then the next year the other would get to declare them?"
 {¶ 56} "A. Yes.
 {¶ 57} "Q. Is that satisfactory to you?
 {¶ 58} "A. Yes." (04/10/06 Tr. 89-90).
 {¶ 59} As the above testimony shows, the parties were in agreement on how to split the tax dependency exemption. The clause in the August 17, 2007 judgment is not in conformity with that agreement.
 {¶ 60} The trial court in the June 14, 2006 decision indicated that the things they agreed to were fair and equitable and in the best interest of the children. (06/14/06 J.E.). Likewise, at the February 27, 2007 hearing the court stated:
 {¶ 61} "The Court will order that the agreement slash stipulation whatever it is that the parties agreed to before the presentation of testimony in this matter commenced will be, that portion of the transcript will be transcribed. That agreement will be incorporated in and made a part of the final judgment entry in this matter to the extent that there are any inconsistencies in the proposed judgment entry that Mr. Wilson prepared. To the extent that there are any matters that are in that decree that are inconsistent with the agreed stipulations, the agreed stipulations will control." (02/27/07 J.E.).
 {¶ 62} While the tax dependency exemption was not an agreed stipulation that was represented to the court prior to the testimony, the testimony clearly reflects that *Page 11 
the parties agreed on this matter. Accordingly, without more in the trial court's judgment entry to indicate its refusal to follow the uncontroverted testimony of the parties on this issue, we find an abuse of discretion in this instance. Thus, the trial court's decision regarding the dependency tax exemption clause is reversed and remanded back to the trial court for further determination. Our order is not intended to reflect that dividing the dependency tax exemptions in the manner it did was per se an abuse of discretion. Rather, we are merely indicating that given the entire circumstances and procedural posture of this case, it was an abuse of discretion for the trial court to order the allocation of the dependency tax exemption in a manner inconsistent with the testimonial agreement of the parties without any explanation.
 {¶ 63} Lastly, it is noted that Darwin in his brief, contends that the trial court added Angela's request about the eldest son getting off the bus at her house every day and for Darwin to pick him up when his parenting time begins. A review of the August 17, 2007 judgment indicates that the trial court did not incorporate this clause. Rather, it stated that on Wednesday visitations with Angela, the eldest son is to get off the bus at her house and Darwin is supposed to pick him up when her visitation period ends. Thus, his argument that the trial court used the clause Angela requested in her motion for reconsideration is factually incorrect.
 {¶ 64} The majority of Darwin's arguments under this assignment of error, except the argument concerning the dependency tax exemption clause, lack merit.
 CONCLUSION {¶ 65} Angela's reconsideration motion was not an improper attempt to re-litigate the parental rights and responsibilities because there was no final judgment rendered on that issue prior to the filing of that motion. The August 17, 2007 judgment entry was the first judgment entry on the parental rights and responsibilities. Thus, despite Darwin's argument to the contrary, it does not need to be vacated for that purpose. Next, as to the complained of clauses, the only clause that has merit is the dependency tax exemption clause. The parties' testimony shows they were in agreement on this issue and that the trial court's order is in contravention to that agreement. Given the facts and procedural posture of this case, we find an abuse of discretion. Therefore, the cause is reversed as to that clause and remanded to the *Page 12 
trial court for it to reallocate the dependency tax exemptions. We recognize that the court is not necessarily bound by the parties' testimony. However, if it deviates from their agreed testimony (which it is not bound to because it was never a stipulation of the parties) it should indicate as such so this court knows the trial court was fully aware of the testimony, but chose to exercise its broad discretion in a manner inconsistent wit the testimony. In all, the judgment of the trial court is hereby affirmed in part, reversed in part and remanded for further proceedings.
Donofrio, J., concurs.
DeGenaro, J., concurs.
[1] Darwin retained new counsel shortly after Attorney Wilson drafted the judgment entry. *Page 1