[Cite as *Carpenter v. Carpenter*, 2012-Ohio-4567.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANGELA SUE CARPENTER, | ) | |
| | ) | CASE NOS. 11 NO 387 |
| PLAINTIFF-APPELLEE, | ) | 11 NO 388 |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DARWIN K. CARPENTER, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Common Pleas
Court, Domestic Relations Division,
Case No. 204-0154.

JUDGMENT: Affirmed.

APPEARANCES:
For Plaintiff-Appellee: Attorney Charles Postlewaite
3040 Riverside Drive, Suite 122
Columbus, OH 43221

For Defendant-Appellant: Attorney William Burton
119 Maple Street
Marietta, OH 45750

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: September 27, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Darwin K. Carpenter appeals the September 13, 2011 and September 22, 2011 judgments of the Noble County Court of Common Pleas, the first of which modified Darwin's child support obligation to $1,294.60 per month, plus processing fee, effective May 29, 2011, to his ex-wife Angela Carpenter, due to emancipation of their son, Dalton. The second judgment entry adopted the findings and recommendations of the Noble County Child Support Enforcement Agency (CSEA) to further modify Darwin's child support obligation to $1,094.01 per month, plus processing fee, effective September 1, 2011.

{¶2} On appeal, Darwin contends that the trial court erred by designating Dalton's date of emancipation as the day he graduated from high school, instead of a date several months earlier, when he turned eighteen years old. He also claims the court used an erroneous income figure when calculating the modifications.

{¶3} Darwin's arguments are meritless. A child's emancipation date for child support purposes is either when the child turns 18 or graduates from high school, whichever event occurs last. Further, the trial court utilized the correct income information for Darwin when making the child support modifications. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶4} This is the third time this case has been to this court on appeal. Angela and Darwin married in 1987 and four children were born as issue of the marriage. In December 2004, Angela filed a divorce complaint in the Noble County Court of Common Pleas, and a divorce decree was issued on August 17, 2007. Among other things, Darwin was designated the residential parent of Dalton, and Angela the residential parent of Dylan, Dallas and Kyla. Darwin was ordered to pay $1,094.17 per month plus processing fee in child support to Angela. This is the same amount of monthly support that Darwin had been paying during the pendency of the proceedings, beginning on January 15, 2005. Notably, the amount of support was not disputed in the trial court nor litigated at trial.

{¶5} Darwin filed an appeal raising several challenges to the divorce decree, not

including child support issues, with this court affirming the trial court on all issues except for the allocation of the dependency exemptions for federal income tax purposes. *Carpenter v. Carpenter*, 7th Dist. No. 07NO344, 2009-Ohio-1199 (*Carpenter I*).

{¶6} While *Carpenter I* was pending before this court, on January 8, 2008, Darwin filed a request for an administrative child support modification with the Noble County Child Support Enforcement Agency. CSEA issued an administrative adjustment recommendation on February 27, 2008 increasing Darwin's monthly child support obligation from $1,094.17 to $1,410.37. On March 3, 2008, Darwin timely objected to CSEA's recommendation and requested a court hearing, which operated as a stay of the adjusted child support obligation, and thus Darwin continued to pay support pursuant to the divorce decree.

{¶7} In the meantime, on April 22, 2008, well before the hearing on the February 2008 administrative adjustment recommendation took place, CSEA issued a separate notice of termination of support because one of the children had become emancipated. This notice stated that child support for Kyla Carpenter should terminate effective May 24, 2008 because she turned 18 on March 23, 2008 and graduated from high school on May 24, 2008. Darwin's total support obligation was reduced by one third, pursuant to R.C. 3119.89(B). In making this reduction, CSEA used the monthly support amount from the divorce decree, reducing Darwin's monthly support obligation to $729.46. Neither party objected to that order and the trial court ultimately approved the termination in a May 21, 2008 judgment entry.

{¶8} The hearing on Darwin's objection to the February 2008 CSEA recommended adjustment was not heard by the trial court until November 10, 2009. Both parties testified and presented exhibits relating to their finances. Both parties agreed that CSEA erroneously credited Darwin with over $20,000.00 in self-employment income, where there was no such evidence in the record. Also at issue was whether Darwin's losses from his farming operation should be deducted from his gross income, and whether Darwin should be allowed to claim certain alleged child care and health insurance expenses. On November 24, 2009, the trial court issued a judgment entry

which made two separate child support modifications: one effective March 16, 2009, and the other effective June 1, 2009.

**{¶9}** Darwin appealed to this court, asserting that the trial court erred by (1) determining that Kyla emancipated on June 1, 2009; (2) not reducing Darwin's gross income by the amount of losses he sustained from his beef cattle operation; (3) by not crediting Darwin with certain child care expenses when making the support calculation; and (4) by failing to make the child support award retroactive to the date he filed his motion to modify support.

**{¶10}** In an opinion styled *Carpenter v. Carpenter*, 7th Dist. No. 09 NO 367, 2010-Ohio-6601 (*Carpenter II*), this court held that Darwin was not entitled to deduct from his wages the expenses he incurred from his beef cattle operation, and that Darwin was not entitled to a credit for day care costs and purported health care costs. *Id.* at ¶18, 24. This court also held that the first modification should have been made retroactive to the first day of the month following the date that CSEA commenced its administrative review, and that the evidence did not support the trial court's finding that Kyla emancipated on June 1, 2009, because it was undisputed that Kyla turned 18 on March 23, 2008 and graduated from high school on May 24, 2008. *Id.* at ¶30-31, 34. Thus, this court affirmed in part and modified in part the judgment of the trial court, to reflect the effective date of the first modification as March 1, 2008 and to reflect the effective date of Kyla's emancipation for the second modification. *Id.* at ¶35.

**{¶11}** On August 24, 2011 the trial court issued a judgment entry that complied with this court's opinion, modifying Darwin's support obligation to $1,410.37 plus processing fee, effective March 1, 2008 and to $940.25 plus processing fee effective May 25, 2008 due to Kyla's emancipation. Neither party appealed this judgment.

**{¶12}** On September 13, 2011, the trial court issued a judgment modifying Darwin's child support obligation to $1,294.60 per month, plus processing fee, effective May 29, 2011, due to the May 28, 2011 emancipation of the parties' son, Dalton. Darwin had been Dalton's residential parent since the divorce, and the two remaining minor children remained in Angela's custody, hence the reason for the increase in Darwin's child

support obligation.

**{¶13}** On September 22, 2011, the trial court issued a judgment entry that adopted a subsequent determination by CSEA to further modify Darwin's child support obligation, effective September 1, 2011, as follows:

When private health insurance coverage is available - $1,094.01 per month, plus processing fees of $21.88 for a total monthly obligation of $1,115.89

When private health insurance coverage is not provided - $925.24 plus processing fees of $18.50 for a total monthly child support obligation of $943.74 plus a cash medical support order of $164.00 per month plus processing fees of $3.28 for a total cash medical support order of $167.28 for a total combined monthly obligation of $1,111.02.

**{¶14}** Attached to the September 22, 2011 judgment was a child support computation worksheet, dated August 24, 2011, listing Darwin's gross income as $79,998.13 and Angela's as $53,552.00.

### Dalton's Emancipation

**{¶15}** In his sole assignment of error, Darwin asserts:

**{¶16}** "The lower court erred in failing to recognize the correct emancipation date of Dalton K. Carpenter and in failing to utilize the correct income for the determination of child support."

**{¶17}** This assignment of error has two distinct parts, each of which will be addressed in turn. First, with regard to the emancipation, Darwin claims the court should have used the date Dalton turned 18 as his emancipation date, instead of his school graduation date. This argument is puzzling because Darwin was the residential parent of Dalton, whose emancipation had the effect of *raising* Darwin's child support obligation to Angela, since she was the residential parent of the two remaining minor children. Moreover, there was no error in the trial court's determination of Dalton's emancipation date.

**{¶18}** Resolution of this issue involves the application of a statute which we review de novo. *See In re Estate of Dinsio*, 159 Ohio App. 3d 98, 2004-Ohio-6036, 823 N.E.2d 43, ¶31 (7th Dist.). R.C. 3119.86(A)-(B) provide in pertinent part:

(A) Notwithstanding section 3109.01 of the Revised Code, both of the following apply:

(1) The duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances:

\* \* \*

(c) The child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday.

**{¶19}** As the Third District explained in *Gatchel v. Gatchel*, 159 Ohio App.3d 519, 2005-Ohio-148, 824 N.E.2d 576 (3d Dist.): "The General Assembly's purpose in enacting this provision was 'to ensure that parents support their child so long as the child is working to obtain a basic level of training and education, as provided by a high school program, with the ultimate goal of enabling the child to become self-sufficient.' " *Id*. at ¶7, quoting *Weber v. Weber*, 9th Dist. No. 00CA007722, 2001 WL 542319, *9 (May 23, 2001).

**{¶20}** It is undisputed that Dalton turned 18 on November 25, 2010, but did not graduate from high school until May 28, 2011. Thus, the trial court's determination that Dalton became emancipated on May 28, 2011 was correct. Accordingly, this argument is meritless.

**Income for Child Support Modification Purposes**

**{¶21}** Darwin next argues that the trial court used an erroneous figure for Darwin's gross income when calculating his modified child support obligation. The determination of a party's gross income for child support purposes is reviewed for an abuse of discretion. *See Ellis v. Ellis*, 7th Dist. No. 08 MA 133, 2009-Ohio-4964. The term "abuse of discretion" implies more than an error of law or judgment; it implies that the court's

attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Nevertheless, a trial court's discretion is not unfettered and the mandatory statutory child-support requirements must be followed in all material respects. *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 2007-Ohio-1320, 869 N.E.2d 702, ¶8; *see, also, Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph two of the syllabus.

**{¶22}** Darwin asserts that his correct income is $82,000 and that his modified child support obligation should have been based upon that figure. However, the child support computation worksheet upon which the September 22, 2011 modification was based, lists Darwin's gross income as $79,998.13. Darwin is incorrect that the trial court calculated his gross income as $100,000. The worksheet he points to that uses $100,000 was dated March 29, 2005 and has no bearing on the modification at issue here. To the extent that Darwin is arguing that the income used on the 2005 worksheet was incorrect, the time to challenge that has long since passed. Issues that could have been, but were not raised in previous appeals are res judicata. *See, e.g., Tinlin v. White*, 7th Dist. No. 02AP0767, 2002-Ohio-6905, ¶30, fn. 2.

**{¶23}** Significantly, any error by the trial court in using $79,998.13, instead of the $82,000 proposed by Darwin is harmless error, since Darwin suffered no prejudice.

**{¶24}** In sum, Darwin's sole assignment of error is meritless. There was no error in the trial court's determination of Dalton's emancipation date or Darwin's gross income. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.