[Cite as *Johnson v. Johnson*, 2020-Ohio-4085.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| JENNIFER L. JOHNSON | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-58 |
| | : | |
| v. | : | Trial Court Case No. 2016-DR-171 |
| | : | |
| DAVID L. JOHNSON | : | (Appeal from Common Pleas Court – |
| | : | Domestic Relations Division) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of August, 2020.

. . . . . . . . . . .

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
 Attorney for Plaintiff-Appellee

DAVID L. JOHNSON, P.O. Box 364, Fairborn, Ohio 45324
 Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} David L. Johnson appeals pro se from a judgment of the Greene County Common Pleas Court, Domestic Relations Division, entered on remand after a prior appeal. Because we find some errors in the trial court's judgment, we modify the judgment and affirm as modified.

## I. Factual and Procedural Background

{¶ 2} David and Jennifer L. Johnson (plaintiff-appellee) were married on October 20, 2001, and have two children. During their marriage, Jennifer worked for United Healthcare, and David was self-employed as the sole proprietor of a computer repair and custom computer-building business. Jennifer filed a complaint for divorce on July 29, 2016. The parties agreed to use June 28, 2016, as the date of their separation for purposes of the division of property, as that was the date that David vacated the marital residence. In 2017, the trial court held a hearing to determine the parties' respective incomes and to identify and categorize their assets and liabilities. In August 2018, the trial court entered a final judgment and decree of divorce that awarded Jennifer custody of the children, gave David parenting time, and set forth the court's determinations as to the payment of child support and spousal support, the division of the parties' assets and liabilities, and the allocation of attorneys' fees and costs.

{¶ 3} David appealed, and we affirmed the trial court's judgment in part and reversed it in part. *See Johnson v. Johnson*, 2d Dist. Greene No. 2018-CA-36, 2019-Ohio-1024. We remanded the case "for the limited purpose of addressing" four issues:

1) as to the order for distribution of property, for failing to articulate, consistent with R.C. [3105].171, why David's claimed inheritance was

regarded as marital property and not as David's separate property; 2) as to the order regarding tax refunds/liabilities, for failing to order Jennifer to pay David both one-half of that portion of Jennifer's federal income tax refund for 2016 attributable to the months before the parties separated *and* one-half of that portion of David's $346 federal income tax liability for 2016 attributable to the months before the parties separated; 3) as to the orders for spousal support and child support, to accurately reflect the amount of David's imputed annual income, and to make any corresponding changes warranted in the amount of spousal support and/or child support to be paid; and 4) as to the award of attorney's fees, for failing to address whether David should have been credited for a $750 payment previously made to Jennifer.

(Emphasis sic.) *Id.* at ¶ 77.

{¶ 4} Following our remand, the trial court issued an order addressing these issues on August 23, 2019. David appeals from the August 23 judgment.

## II. Analysis

{¶ 5} David assigns five errors to the trial court, which challenge the court's resolution of the first three remanded issues, i.e., the calculation of his annual income, the treatment of his inheritance, and Jennifer's payment of the parties' tax refund and liability.

### A. Recalculation of David's annual income

{¶ 6} The first and third assignments of error challenge the trial court's recalculation of David's imputed annual income:

Judge Hurley erred when he issued this Entry and Order without a hearing on the issues remanded from the Second District Court of Appeals (2018-CA-0036) and new issues based upon finding not in evidence.

Judge Hurley erred as a matter of law and abused his discretion and demonstrated his bias against the Defendant when he found the Defendant's current annual income to be $18,000 without a hearing. This finding is outside the scope of the Second District Court of Appeals remand on case 2018-CA-0036.

{¶ 7} In its original judgment, the trial court imputed to David a monthly income of $1,200 (which would be $14,400 per year), but used an annual income of $24,000 to calculate spousal and child support. On appeal, we concluded that, given the monthly income finding, the trial court evidently made a mathematical error in calculating David's annual income. We remanded the matter to the trial court "to correct that computation error, and to further determine what revisions, if any, may be warranted in the parties' respective spousal and child support obligations, as well as any other obligations, as a result of David's corrected income figure." *Johnson*, 2d Dist. Greene No. 2018-CA-36, 2019-Ohio-1024, at ¶ 57.

{¶ 8} On remand, the trial court decided to set David's income at a different amount. In its judgment, the court said that "it is reasonable to use a current annual income of $18,000 for Husband for purposes of calculating child and spousal support," which is a monthly income of $1,500. The court did not hold a new hearing but cited evidence from the 2017 hearing to support the higher income.

{¶ 9} "[T]he trial court is without authority to extend or vary the mandate given [by

a reviewing court]." *Nolan v. Nolan*, 11 Ohio St.3d 1, 4, 462 N.E.2d 410 (1984). "The appellate court is in the best position to interpret its own mandate and determine whether a trial court judge has complied with that mandate." (Citation omitted.) *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 29.

{¶ 10} The trial court's actions here exceeded the scope of our order on remand. The problem in the court's original judgment was simply that the court had made a mathematical error in calculating David's annual income and then used that incorrect annual amount to determine his obligations, like spousal support and child support. We ordered the trial court to correct the mathematical error and make corresponding changes to his support obligations, using the correct annual income. But the trial court went further. It revisited the question of how much income to impute to David, based on new findings that it did not make the first time. This went beyond our mandate. *See Larkin v. Larkin*, 2d Greene Nos. 2015-CA-07, 2015-CA-21, 2016-Ohio-1563, ¶ 19-20 (concluding that the trial court exceeded the scope of remand by recalculating income based on new findings).

{¶ 11} We conclude, however, that the trial court's error was harmless. In its 2018 judgment, the court awarded David monthly spousal support of $360 but said that Jennifer's obligation was offset by David's monthly child support obligation of $360. The court stated: "Accordingly, there shall be no exchange of spousal or child support between the parties." Similarly, in its 2019 judgment in response to our remand, the trial court awarded David monthly spousal support of $300, but offset this amount by his monthly child-support obligation of $300.   The court's order stated that David was to pay Jennifer monthly child support of $0, noting that this was a "100% deviation" from the worksheet, because "Husband's child support obligation was offset against Wife's spousal support

obligation." Thus, despite the trial court imputing more income to David on remand, David's support obligations were essentially unchanged. Accordingly, David suffered no prejudice from the court's recalculation of his income. *See Carpenter v. Carpenter*, 7th Dist. Noble No. 11 NO 387, 2012-Ohio-4567, ¶ 23 (use of incorrect income figure was harmless error because the appellant suffered no prejudice).

{¶ 12} Finally, we note that even if the trial court had hewed to our mandate and used $14,400 as David's annual income, instead of $18,000, the $3,600 difference would have made only a marginal difference in the calculation of his prospective child support obligation. And on this record, the trial court, without abusing its discretion, would have offset that amount against prospective spousal support too.

{¶ 13} The first and third assignments of error are overruled.

### B. Requirement that David seek work

{¶ 14} In addition to recalculating David's income, on remand the trial court added an order requiring him to find a job. The fourth assignment of error challenges the trial court's seek-work order:

> Judge Hurley erred as a matter of law and abused his discretion and
> demonstrated his bias against the Defendant when he issued a "seek work"
> order without justification or a hearing to determine current facts.

{¶ 15} In calculating support, "Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential." (Citations omitted.) *Miller v. Miller*, 2d Dist. Montgomery No. 14540, 1994 WL 730560, *4 (Dec. 28, 1994). The trial court here implicitly found that David was underemployed, which was why it imputed income to him. On remand, the court for the first time ordered David

to seek work. According to the court's judgment, it included this order because the court had said at the original hearing "that if it uses $18,000, it will also put on a seek work order," and "David did not renew his objection to a seek work order."

{¶ 16} The statute governing seek-work orders states that a court can issue such an order "as part of a court support order or, if a court support order has previously been issued, as a separate order." R.C. 3121.03(D)(1). So the trial court's order that David seek work could arguably be considered a separate order, outside the confines of our remand.

{¶ 17} Still, the governing statute did not permit the court to enter the seek-work order. R.C. 3121.03(D)(1) states that a court can issue a seek-work order "[i]f the obligor under a court support order is unemployed, has no income, and does not have an account at any financial institution."   The unambiguous conjunctive language permits a trial court to issue a seek-work order *only* if the obligor is unemployed and has no income and does not have a bank account.

{¶ 18} In *In re Cooper Brown*, 2d Dist. Montgomery No. 19010, 2002 WL 125690, *2 (Feb. 1, 2002), we referenced a prior version of this statute, former R.C. 3113.21(D)(4), which contained the same substantive language and stated that "[t]he unambiguous language * * * allows a trial court to issue a seek work order *only* if the obligor is unemployed or has no income or financial account" (Emphasis sic.). We further held that, "when an individual is voluntarily under-employed, * * * imputation of income is proper," but the statute "does not provide for a seek-work order to issue when an individual is voluntarily under-employed, because by definition, he is actually employed." *Id.*   Thus, *Cooper Brown* concluded that the trial court had erred by entering a seek-work order

where the father had been found to be underemployed and in imputing income to him.

{¶ 19} Here, the trial court found that David was underemployed, not unemployed. Furthermore, R.C. 3121.03(D)(1) states that a court may issue a seek-work order against an "obligor," but David was not an obligor. "Obligor" is defined as "the person who is required to pay support under a support order." R.C. 3119.01(B)(4). As we have noted, the trial court did not order David to pay any support, nor did it find that David owed support arrearages.

{¶ 20} The fourth assignment of error is sustained.

### C. David's inheritance as marital property

{¶ 21} The second assignment of error challenges the trial court's finding that David's inheritance was marital property:

> Judge Hurley erred when he ruled that the Defendant made an inter vivos gift of the $6000 inheritance to his wife.

{¶ 22} In the original 2018 judgment, the trial court treated the inheritance as marital property, rather than David's separate property, but the court did not explain why. For that reason, we ordered the court to explain. On remand, the trial court found that the inheritance had initially been David's separate property, but that he had made an inter vivos gift of it to Jennifer, who used the money to pay marital bills. As a result, the court concluded that the nature of the inheritance was changed to marital property. Accordingly, the trial court did not award David any additional money for the inheritance.

{¶ 23} Under R.C. 3105.171(A)(6)(a)(i), "an inheritance is generally considered a party's separate property." *St. Germaine v. St. Germaine*, 2d Dist. Greene No. 2009-CA-28, 2010-Ohio-3656, ¶ 16. But "spouses can change separate property to marital property

based on actions during the marriage." *Helton v. Helton*, 114 Ohio App.3d 683, 685, 683 N.E.2d 1157 (2d Dist.1996). "The most commonly recognized method for effecting this change is through an inter vivos gift of the property from the donor spouse to the donee spouse." *Id.*; *see also Miller v. Miller*, 6th Dist. Sandusky No. S-19-19, 2018-Ohio-5285, ¶ 10 ("[p]arties can transmute separate property into marital property by means of an inter vivos gift," particularly "where * * * there has been effected a reduction of the parties' joint obligation").

**{¶ 24}** The trial court's findings in support of its conclusion that the inheritance was not David's separate property were supported by the evidence. Given those findings, we see no error in the trial court's determination that the inheritance was marital property.

**{¶ 25}** The second assignment of error is overruled.

### D. The parties' tax refund and liability

**{¶ 26}** The fifth assignment of error challenges the trial court's determination that Jennifer's federal income tax refund was offset by David's federal income tax liability:

> Judge Hurley erred mathematically in his calculation of how much the wife owes the husband for the 2016 tax returns.

**{¶ 27}** On remand, we instructed the trial court to order Jennifer to pay David half of what the court determined was the marital portion of both her 2016 tax refund and his 2016 tax liability. The trial court found that 50% of the refund and liability were marital property. Thus, the marital portion of Jennifer's refund was $2,158.50, and the marital portion of David's debt was $173. But the trial court offset David's half of the refund, $1,079.25, by Jennifer's half of the debt, $86.50, and ordered Jennifer to pay David

$992.50.[1]

{¶ 28} We conclude that the tax refund and liability figures should not have been offset. Jennifer retained the entire marital portion of her refund, and David paid the entire marital portion of his debt, so Jennifer owed David his share of her refund plus her share of his debt. This is why we concluded in the prior appeal that the court had erred "for failing to order Jennifer to pay David both one-half of that portion of Jennifer's federal income tax refund * * * *and* one-half of that portion of David's $346 federal income tax liability." (Emphasis sic.) *Johnson*, 2d Dist. Greene No. 2018-CA-36, 2019-Ohio-1024, at ¶ 77. The trial court should have ordered Jennifer to pay David $1,165.75 for the tax refund and liability.

{¶ 29} The fifth assignment of error is sustained.

### III. Conclusion

{¶ 30} We have concluded that the trial court erred by ordering David to seek work and by ordering Jennifer to pay David his share of her tax refund offset by her share of his tax debt. Rather than remanding this case for the trial court to correct its judgment, we modify the trial court's judgment in two respects: (1) the seek-work order is vacated, and (2) for the parties' 2016 tax refund and liability, Jennifer is ordered to pay David $1,165.75. We affirm the trial court's judgment as modified.

. . . . . . . . . . . . .


TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

---

[1] The trial court made a subtraction mistake: $1,079.25 - $86.50 = $992.75.

Jay A. Adams
David L. Johnson
Hon. Steven L. Hurley